STATE ex rel. LEWIS, Respondent, v. NYSTROM, et al., Appellants.

(186 N. W. 750.)

(File No. 4913.   Opinion filed February 8, 1922.)

**Probate—Will, Wrong Date in Record, Contest, Order Correcting Date By Interlineation, Prohibition Against Changing, Mutilating, Record—Proper Correction By Recital in Order—County Court's Authority Defined.**

Where, upon probate of a will, the certificate of proof and the order admitting will to probate recited a wrong date thereof, and thereafter and during a contest of the will, executor

was allowed by court order to have said dates corrected and also to correct return of mailing of notices to show that contestant's address therein was correct, whereupon plaintiff contestant secured a writ of prohibition from circuit court, prohibiting and restraining county judge and clerk from attempting by changing, altering, defacing, mutilating, or destroying any of said files or records "but without prejudice or hindrance to your exercising full jurisdiction and authority of your respective offices," the intention of the writing being to prohibit amendment only as to manner thereof, "this court having no jurisdiction at this time to pass upon any other question;" held, that the question as to county court's power to correct its records to conform them to the truth, is not here involved; that the judgment on the writ prohibits, not the making of the amendments, but from making it in the manner pointed out in the order, to-wit, that "the date of said will be correctly inserted," etc., thus requiring interlineation and mutilation of said files, which is improper; and an order that certain affidavits made in support of motion to amend should be considered as showing correct date of will, and that as to the certificate of proof and order admitting to probate, "the same are hereby corrected to read" etc., would have been sufficient, thus obviating interlineation in original papers. Held, further, that showing was sufficient to warrant county court in making necessary amendments; but that court had no authority to change or mutilate the papers or records already on file.

Appeal from Circuit Court, Pennington County. Hon. WALTER G. MISER, Judge.

Proceeding by writ of prohiibtion, by the State of South Dakota upon the relation of Bruce Erwin Lewis, against Charles A. Nystrom, Judge of the County Court within and for the County of Pennington in the State of South Dakota, J. S. Gantz, Clerk of Courts within and for said Pennington County, and Clerk of said Court, and the County Court of said Pennington County, South Dakota, to restrain the County Judge and Clerk of Courts from amending, etc., certain probate files and records. From said writ defendants appeal. Judgment under the writ affirmed.

*Buell & Denu,* and *Schrader & Lewis,* for Appellants.

*Geo. A. Jeffers, Geo. E. Flavin,* and *E. B. Adams,* for Respondent.

Appellants cited, re mode of effecting amendment: State v. Craig, 12 Ala. 363; King v. State Bank, 9 Ark. 185, 47 Am. Dec. 739; Allen v. Sales, 56 Mo. 28; 15 S. & Cyc. Proc. 149.

Respondent cited:   Standard Proc. p. 902; Satterland v. Beal (N. D.) 95 N. W. 518; Caledonia Mining Co. v. Noonan, 3 Dak. 189.

POLLEY, J.   The controversy out of which this appeal grows originated in the county court of Pennington county. A certain will was filed for probate; notice of the time and place for hearing the petition for the probate of the will was given by mail. All of the heirs but one—the plaintiff in this action— lived in Rapid City.   Plaintiff lived in Hot Springs.   The party who mailed the notices made an affidavit that she had mailed a copy of said notice to each of the heirs, addressed to Rapid City.

The will in question was dated April 24, 1908, but in the proof of the execution of the will made by one of the subscribing witnesses the date of the will was stated as April 12, 1919; in the certificate of proof of the will the date of the will was stated as April 12, 1918, and in the order admitting the will to probate the date of the will is stated as April 12, 1918.   After the order admitting the will to probate had been entered, plaintiff instituted a contest of the will.   During the contest proceedings the executor of the will moved to have the above dates corrected so that the various instruments above referred to would all show the correct date of the will, and also to correct the return of the mailing of the notices so as to show that the notice was mailed to plaintiff at Hot Springs instead of Rapid City.   After the hearing on the motion the county court made and entered an order directing the clerk to amend and correct said papers nunc pro tunc as of the original date of filing, so as to make them conform to the truth. Thereupon plaintiff secured a writ of prohibition from the circuit court prohibiting and restraining the county judge and clerk of courts from "amending by changing; altering, defacing, mutilating, or destroying" any of the above-mentioned files or records, "but without prejudice or hindrance to your exercising the full jurisdiction and authority of your respective offices in accordance with the law, it being intended by this writ of prohibition to prohibit the amendment only as to the manner of such amendment, this court having no jurisdiction at this time to pass upon any other question."   From this writ defendants appeal to this court.

Appellants' argument is based upon the contention that the county court has the power to correct its records, when necessary,

'so as to make them conform to the truth. But this question is not involved. The right of a county court to correct its records in a proper case is conceded by respondents, and is fully recognized by the circuit court in the judgment appealed from. It will be noted that the judgment does not prohibit the county court from making the amendment, but only from making the amendment in the manner pointed out in the order, to-wit: That the said papers and records be amended and corrected by the clerk "in the following particulars, to-wit: That * * * the date of the said will be correctly inserted as of April 24, 1908, instead of April 12, 1919, as appears in said proof of will." etc. This required the interlineation and mutilation of these files, and is not the proper way to make amendments.

An order that the affidavits of C. J. Buell and Martha Bochart made in support of the motion to amend should be considered as showing the correct date of the execution of the will, and the further order that, as to the certificate of proof of will and the order admitting the will to probate, "the same are hereby corrected to read April 24, 1908, instead of April 12, 1918," would have been sufficient, and no changes or interlineations in the original papers would be necessary.

The showing made by the appellants was sufficient to warrant the county court in making the necessary amendments but that court had no authority to change or mutilate the papers or records already on file.

The judgment appealed from is affirmed, but no costs will be allowed to either party on this appeal.